## PROVISIONAL MUNICIPALITY OF PENSACOLA v. NORTHRUP.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1895.)

### No. 341.

STREET-RAILWAY COMPANIES—OBLIGATION TO PAVE STREETS—RIGHTS OF BOND-HOLDERS.

A street-railroad company, operating under an ordinance requiring it to keep "in good condition" the street between its rails and one foot each side thereof, was required by a subsequent ordinance to pave the street to the same extent. The company accepted this ordinance, agreed to pay the town the cost of such paving, and consented that such cost should be a lien on its property. After the passage of the ordinance, but before the date of the agreement, the company issued and sold its mortgage bonds. *Held*, in a suit to foreclose the mortgage bonds, that the city had no lien for pavements laid under the ordinance and agreement. Chicago v. Sheldon, 9 Wall. 50, and Railroad Co. v. Hamilton, 10 Sup. Ct. 546, 134 U. S. 296, followed.

Appeal from the Circuit Court of the United States for the Northern District of Florida.

This was a bill by W. H. Bosley, Douglas Gordon, and D. W. Thorne, citizens of Baltimore, Md., against the Pensacola Terminal Company, a corporation of the state of Florida, to foreclose a mortgage to secure an issue of bonds. The cause was heard in the circuit court upon a petition filed by the provisional municipality of Pensacola against W. H. Northrup, as receiver of the terminal company, praying that certain amounts should be decreed to the petitioner prior to any allowance upon the bonds. The court, by interlocutory order, denied the relief asked, with costs against the petitioner. From this order the petitioner appealed.

The facts, as stated in the appellant's brief, and assented to and adopted by the appellee, were as follows:

On May 1, 1892, the Pensacola Terminal Company was operating a line of street railway in the city of Pensacola, having been incorporated under the general incorporation laws of Florida, and using the streets of the city under the provisions of an ordinance of December 6, 1882, requiring that the portion of the street between the rails of the street railroad, and one foot on each side thereof, should be kept in good condition. On February 3, A. D. 1892, the provisional municipality of Pensacola enacted an ordinance to pave Palafox street, along which the road of the terminal company was laid, and over which it was operating its horse street cars. One of the provisions of this or-

dinance is (section 3) to "require the Pensacola Terminal Company to pave the street between its rails and one foot on each side thereof," in the manner which the municipality should contract for the paving of the entire width of the street. After that day (May 1, 1892) the terminal company issued bonds to complainants in the bill of complaint, secured by a mortgage on all of its property, franchises, privileges, and immunities then existing or thereafter 'to be acquired, and' upon its rents, profits, and receipts. On March 6, 1893, after the execution of said mortgage, the terminal company and the municipality entered into an agreement by which the former accepted "the benefits, liabilities and terms of the contract for street paving" which the latter had made, and agreed "to pay to the said provisional municipality the amount of the cost of the paving required to be done by it" by the terms of the ordinance, and agreed "that the lien fixed by said ordinance" should "exist upon its property" for the amount apportioned for the paving between the rails and one foot on each side thereof. On May 26, A. D. 1893, the mortgage bondholders filed their bill to foreclose, and for a receiver. On the same day the court made an order appointing W. H. Northrup receiver. On June 15, A. D. 1894, the provisional municipality filed its petition in the court, reciting the afore-mentioned ordinances and agreements; that three installments of the amount for which the terminal company was liable were due and unpaid, and were a lien, under the laws of Florida, of prior dignity and paramount to all others on the right of way, rolling stock, and all other property of the terminal company in the hands of the receiver. The prayer of the petition is for the court to declare such lien, and to decree the payment by the receiver of said amounts, and general relief. The answer of the receiver denies that, under the original charter, it became the duty of the terminal company to bear the expense of paving said portion of the street, and denies that it has ever been the duty of the company, under its charter or the charter of the city of Pensacola, or any ordinance of the city, to pave any portion of the street. It admits that "it may be true" the provisional municipality of Pensacola and the terminal company entered into the said contract, but alleges that the contract was made after the execution and issuance of the first mortgage bonds held in trust by the Baltimore Trust Company, and was never consented to by it or the bondholders, and was not binding upon them, and was not a lien upon said property, in the absence of any law making it such, prior to the lien of the mortgage securing the bonds, and that there is no law of Florida, or valid ordinance of the city of Pensacola, making such paving a lien upon said property. The evidence submitted was the ordinance of December 6, A. D. 1882, the ordinance of February 3, 1892, and the contract of March 6, A. D. 1893. While it appears that the Pensacola Terminal Company has been incorporated, there is no claim that there is anything in its charter affecting the right of the city to regulate its use of the public streets under the provisions of the Revised Statutes of Florida.

The decree of the circuit court was in these terms:

It is ordered, adjudged, and decreed that the prayer of the said intervention be and is hereby denied, and that the said provisional municipality of Pensacola is not entitled to a lien upon the said property of the said Pensacola. Terminal Company for the sums expended for paving the said portion of said street between and on each side of its track, and that the said provisional municipality do pay the costs of this proceeding, and that execution issue therefor.

John C. Avery and C. H. Laney, for appellant.

W. A. Blount and A. C. Blount, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. We are of opinion that this case is controlled by Chicago v. Sheldon, 9 Wall. 50, and by Railroad Co. v. Hamilton, 134 U. S. 296, 10 Sup. Ct. 546, and the decree appealed from is affirmed. .